## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| Brenda Wolfe, individually and on behalf of all others similarly situated, | * * * * | |
| Plaintiff, | * * | **Case No. 1:15-CV-3573** |
| vs. | * * * | **JURY TRIAL DEMANDED** |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C.c/o CSC - Lawyers Incorporating Service Company, Resident Agent | * * * * * | |
| Defendant | * | |

## **JURISDICTION**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k (d).

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants in their illegal efforts to collect a consumer debt.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## **PARTIES**

4.     Plaintiff Brenda Wolfe is a natural person who resides in the County of Baltimore, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Portfolio Recovery Associates, LLC (hereinafter "Defendant Creditor") is a Virginia limited liability company and a collection agency operating from an address of 120 Corporate Blvd., Norfolk, Virginia  23502 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     Plaintiff has reason to believe she incurred a financial obligation that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a (5), namely, a store credit card with Nordstrom FSB, that at the time of the present complaint had a balance that was approximately $5,677.85, which was used and owed exclusively by Plaintiff for personal use.

7.     Sometime in or around the beginning of 2015, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

8.     All Defendant telephone calls that are directed to Plaintiff at her place of employment. The Plaintiff is a federal employee within the federal judicial system. Personal calls at Plaintiffs' place of employment are greatly discouraged.

9.    The Defendants telephone calls began to occur June 5, 2015.  As of September 2, 2015, the Plaintiff has received 61 telephone calls at her place of employment. Of these calls, the Plaintiff received 2 calls in a single day twelve times, 3 calls in a single day four times and 4 calls in a single day happened once.  As of September 2, 2015, the Plaintiff has received 14 telephone calls on a single day within 30 minutes of a prior Defendant call, at her place of employment.

10.   The Plaintiff has been diagnosed with Hypogammaglobulinemia, which is under the umbrella of a CVID or common variable immune deficiency. Her illness has caused her to miss employment. Plaintiff has been advised by her treating physician that stress negatively affects the functioning of the immune system.

11.   The Defendants multiple calls caused the plaintiff emotional stress.

12.   These calls, from June 5, 2015 to September 2, 2015 to the Plaintiff from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§  1692d, and 1692d(5), amongst others.

### *Summary*

13.   The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

14.   Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anxiety, emotional distress, fear, embarrassment, amongst other negative emotions.

## TRIAL BY JURY

15.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const.

amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

16.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

17.    The foregoing intentional and negligent acts and omissions of each and every

Defendant constitute numerous and multiple violations of the FDCPA including,

but not limited to, each and every one of the above-cited provisions of the

FDCPA, 15 U.S.C. § 1692 et seq.

18.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is

entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages

in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every

Defendant:

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 24, 2015 **Grossbart, Portney and Rosenberg, P.A.**

By:  /s/**Robert N. Grossbart**
Robert N. Grossbart, Esq.
Attorney I.D.#04116
1 North Charles Street, Suite 1214
Baltimore, Maryland 21201
Telephone:  (410) 837-0590
Facsimile: (410) 837-0085
Robert@grossbartlaw.com

RNG/JR **Attorney for Plaintiff**